UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                          Cr. No. 04-10299 PBS

ABDALLAH HAMDAN

### DEFENDANT'S SENTENCING MEMORANDUM

Now comes the defendant, Abdallah Hamdan, and submits this Memorandum of Fact and Law for the Court's consideration at his sentencing.

### FACTUAL BACKGROUND

Mr. Hamdan is a thirty year old Israeli Citizen who came to the United States legally in 1996. He was born in Nazareth, Israel, where much of his family still resides. He came to the United States to pursue his education. When he first arrived here, he lived in Texas with a family member, before moving on to the Boston area. Since moving to the Boston area, he has enrolled and taken classes at two area colleges.

Mr. Hamdan has a large number of family members who remain in Nazareth, Israel, including his parents and many of his siblings. Mr. Hamdan understands that as a result of the instant offense he must return to Israel, and he has requested that this court enter his stipulation of deportation. This stipulated dismissal will save the government resources by eliminating the need for deportation proceedings at the end of his sentence.

**ARGUMENT**

1.  <u>This Court should find that Mr. Hamdan was a minor participant in the charged conspiracy, and that his guideline level should be reduced by two points.</u>

In this case, Mr. Hamdan only knew a small number of the actual co-defendants. The entire charged conspiracy involved 5 kilograms or more of cocaine, and involved over 25 people. Under the probation department's calculation, Mr. Hamdan is accountable for 462.2 grams of cocaine. Probation determined the amount using amounts from controlled buys and intercepted telephone calls.

The conspiracy, in its entirety, was far reaching and involved large amounts of money. In contrast, the controlled buys that Mr. Hamdan was involved in were relatively small, and his role in the conspiracy was likewise small. Mr. Hamdan was not involved in the large amounts of money that were transferred. For example, paragraph 17 of the probation report discusses a transaction between major participants in the conspiracy involving a $200,000.00 cocaine debt. By contrast, Mr. Hamdan's sales were smaller amounts which he had to get on a time by time basis from other members of the conspiracy. It is further noted that Mr. Hamdan's sales were all made to one undercover agent.

Overall, Mr. Hamdan is accountable for less than one tenth of the cocaine that was involved in the charged conspiracy. As a result, the court should find him to be a minor participant and reduce his guideline level by two points.

2.  <u>Mr. Hamdan should be awarded credit under the "Safety Valve" provision of the Sentencing Guidelines.</u>

Shortly after pleading guilty to this offense, Mr. Hamdan made a proffer to the United States Attorney's Office disclosing all facts known to him regarding the offense. His proffer was complete

and truthful. This proffer satisfies the requirements of U.S.S.G. § 5C1.2 criteria five, and probation had previously determined that Mr. Hamdan satisfies criteria one through four.

Accordingly, Mr. Hamdan is eligible for the safety valve, and his offense level should be reduced by two levels and he may be sentenced without regard to any minimum mandatory term of imprisonment.

3. <u>This Court must weigh the factors in 18 U.S.C. § 3553(a) to craft a proper sentence for Mr. Hamdan, and is not bound to sentence him within the advisory Sentencing Guideline range</u>.

After the decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Sentencing Guidelines are no longer binding upon a sentencing court. If the sentencing court treats the Guidelines as mandatory, the sentence would be unconstitutional under Booker. <u>Id</u>.

Under 18 U.S.C. §3553(a) (hereinafter §3553(a)), a series of different factors must be considered so that the sentencing court imposes a sentence that is "sufficient but not greater than necessary to comply with the purposes [of sentencing]." In this case, the calculated sentencing guideline range is incompatible with the goals of sentencing as set forth in § 3553(a), and therefore this court should apply the § 3553(a) factors to arrive at an appropriate sentence.

The holding of <u>Booker</u> was, in essence, that the Sentencing Guidelines were only one factor to be considered by a court when sentencing a defendant. The court now has the discretion to craft any sentence which is reasonable, taking into account all the statutory factors set out in § 3553(a). There are a total of seven factors under § 3553(a) which are to be considered and weighed by a sentencing court.[1] The defendant shall address each in turn:

---

[1] Although there are seven enumerated factors, § 3553(a)(4) and § 3553(a)(5) both pertain to the Sentencing Guidelines, the former to the actual guideline range and punishments and the latter to the policy statements contained in the Guidelines.

*1. The nature and circumstances of the offense and the history and characteristics of the defendant:*

Mr. Hamdan is an Israeli citizen, and has a large amount of family still living in Nazareth. He has stipulated to deportation to save the government time and money, which it would otherwise expended for a deportation hearing. He has a minimal criminal history and poses little risk of recidivism, in part because of his stipulation of deportation.

With regard to the offense, Mr. Hamdan had a minor role in the offense. He understands that his involvement in the offense was wrong, and looks forward to the opportunity to start over upon his return to his family in Israel.

*2. Then need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide the defendant with needed services:*

The goals of this prong of 3553(a) are not well served by a lengthy prison sentence for a few reasons. Firstly, the defendant was not an integral part of this large cocaine distribution conspiracy. Secondly, the defendant has filed a voluntary stipulation of deportation, so deterrence and public protection are less relevant where he will return to Israel at the end of his sentence. Thirdly, the defendant in this case, unlike in many other criminal cases, is not a drug addict and has no serious mental illnesses. Therefore, the services which may be provided to the defendant within a prison setting are minimal.

*3. The kinds of sentences available:*

This court has a variety of sentencing options at its disposal, ranging from probation or a fine to lengthy imprisonment with a long period of supervised release. Here, the defendant has agreed to a stipulated order of deportation. This reduces the cost to the government of a deportation hearing after his release, and also reduces the costs of additional incarceration. It is appropriate to take into

account the resources of the court and of the government being saved by Mr. Hamdan's deportation, and sentence Mr. Hamdan to a lesser term of imprisonment in order to expedite his release and deportation. The defendant also requests that the Court take note of the fact that Mr. Hamdan's sentence may be *de facto* extended while he awaits his actual removal from the country.

*4 and 5. The Guideline Range and policy statements*:

The Guidelines, after Booker, are advisory to the court and two of the seven factors to be considered at sentencing. The defendant, as an initial matter, disagrees with the probation department's (and the government's) calculation of the appropriate offense level, as argued elsewhere in this memorandum.

Regardless of the final guideline calculation however, the guideline imprisonment range is only one of the seven factors to be considered in sentencing. Here, the court must determine whether the guideline imprisonment range is appropriate in light of the other § 3553(a) factors, and particularly the need for the sentence to be no "greater than necessary" to accomplish the goals of sentencing.

*6. The need to avoid unwarranted sentence disparity*:

The defendant notes that his sentence will not be "disparate" from others sentenced pursuant to this statute largely due to his pending deportation. Even if his prison sentence is somewhat shorter than another defendant's, he will be further "punished" by being deported from this country, where he has lived for the last ten years. This significantly "worsens" the sentence for Mr. Hamdan regardless of the term of imprisonment imposed by the court.

*7. The need to provide restitution*: In this case, there is "no identifiable victim," so this

factor is inapplicable.

## CONCLUSION

For the foregoing reasons, the court should find that Mr. Hamdan's Total Offense Level is 17, with a guideline imprisonment range of 24-30 months. The defendant has been in custody since May, 2004, and therefore requests that this Court sentence him to time served, and enter the order of deportation. The defendant notes that it is likely to take some time to process the deportation, and therefore the likely actual time Mr. Hamdan spends in detention will likely be longer than the imposed sentence. The defendant further requests that this Court determine that a sentence of time served adequately accounts for the factors set forth in § 3553(a), and achieves the goals of sentencing.

                                        Respectfully Submitted

                                        /s/ MELVIN NORRIS  
                                        Melvin Norris  
                                        260 Boston Post Rd. Suite 9  
                                        Wayland, MA. 01778  
                                        Tel. 508 358 3305  
                                        BBO # 373900

March 18, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed this date through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent this date to those indicated as non-registered participants.

                                        /s/ Melvin Norris  
                                        MELVIN NORRIS